1  David J. Kaminski (SBN 128509)
   kaminskid@cmtlaw.com
2  Martin Schannong (SBN 243297)
   schannongm@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant
   ARS NATIONAL SERVICES, INC.
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN R. MAHLOW, | CASE NO. 8:13-CV-00762-JST-RNB |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| ARS NATIONAL SERVICES, INC., | |
| Defendant. | |

COMES NOW Defendant ARS NATIONAL SERVICES, INC. ("Defendant") and answers the Complaint of Plaintiff JONATHAN R. MAHLOW ("Plaintiff") as follows:

### PRELIMINARY STATEMENT

1.  Defendant admits that Plaintiff has brought an action for alleged violations of the FCRA, FDCPA and Rosenthal Act. Defendant denies that Plaintiff's allegations have any merit.

### JURISDICTION

2.  Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint, as they lack foundation and constitute legal conclusions.

1

3. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 3 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous.

## VENUE

4. Defendant lacks sufficient knowledge to admit or deny whether Plaintiff resides in Orange County. The remaining allegations in Paragraph 4 of Plaintiff's Complaint are vague and ambiguous as to whether they constitute affirmative allegations against Defendant. To the extent said allegations are deemed to constitute affirmative allegations against Defendant, Defendant denies them.

5. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 5 of Plaintiff's Complaint, as they lack foundation and constitute legal conclusions.

## PARTIES

6. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

9. Defendant admits that it is a California business entity with offices at 201 West Grand Avenue, Escondido, CA 92025.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint as they lack foundation and constitute legal conclusions.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

12. Defendant admits that Trans Union is generally considered a "consumer reporting agency" within the meaning of the FCRA.

1  13. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 13 of Plaintiff's Complaint, which also lack foundation and are vague and ambiguous.

14. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 14 of Plaintiff's Complaint, which also lack foundation and are vague and ambiguous.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint, as they lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint, as they lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

17. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 17 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

18. Defendant denies the allegations Paragraph 18 of Plaintiff's Complaint.

19. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 19 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

20. Defendant admits that it received a letter from Plaintiff. Defendant denies the remaining allegations in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies that it failed to respond to Plaintiff's letter, and further denies that Plaintiff is entitled to damages.

## COUNT I

22. Defendant incorporates by reference its responses to Plaintiff's Complaint, as set forth in Paragraphs 1 through 21 above.

23. Defendant admits that provisions regarding permissible purposes of consumer reports are set forth in Section 1681b of the FCRA.

24. Defendant admits that the circumstances listed in Paragraph 24 of Plaintiff's Complaint are examples of permissible purposes. Defendant denies that this is an exhaustive list of permissible purposes.

25. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 25 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

26. Defendant lacks sufficient knowledge to respond to the allegations in Paragraph 26 of Plaintiff's Complaint, as they lack foundation and are vague and ambiguous. Moreover, Plaintiff has not identified the debt(s) at issue in this case.

27. Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer set forth under Paragraph 29.

## COUNT II

30. Defendant incorporates by reference its responses to Plaintiff's Complaint, as set forth in Paragraphs 1 through 29 above.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint, which lack foundation and constitute legal conclusions.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint, which lack foundation and constitute legal conclusions. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer set forth under Paragraph 32.

## COUNT III

33. Defendant incorporates by reference its responses to Plaintiff's Complaint, as set forth in Paragraphs 1 through 32 above.

34. Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint, which lack foundation and constitute legal conclusions.

///

35.     Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint, which lack foundation and constitute legal conclusions. Defendant further denies that Plaintiff is entitled to the relief requested in the prayer set forth under Paragraph 35.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all allegations contained therein, or portions thereof, are, or may be, barred by the applicable statute or statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that its actions were proper and did not violate any statutes, including the provisions of 15 U.S.C. § 1681 et seq., 15 U.S.C. § 1692 et seq. and California Civil Code § 1788 et seq.

### FOURTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

### FIFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent no private right of action exists under the FCRA.

### SIXTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that alleged mental anguish alone does not support damages under the FCRA.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred to the extent he lacks standing to assert them.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that debt collection is a permissible purpose to obtain a credit report.

## NINTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, grossly negligent, malicious, wanton or outrageous, and that Defendant at all times acted in good faith with respect to its communications with Plaintiff and/or third parties, if any there were.

## TENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged, which Defendant denies, then Plaintiff's damages are limited by, *inter alia*, 15 U.S.C. §§ 1681n, 1681o, 1692k and California Civil Code § 1788.30.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that if it is assumed, *arguendo*, that Defendant violated a statute as alleged in Plaintiff's Complaint, which presupposition Defendant denies, such violation was not negligent nor intentional, and resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are barred as Defendant complied with all of the obligations, if any, required under the FCRA, FDCPA and Rosenthal Act.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges the Complaint fails to state a claim supporting an award of reasonable attorney's fees.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that communications which do not convey information regarding the debt and/or which are not with the consumer do not trigger the validation notice requirement under the FDCPA.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that Plaintiff has brought this action against Defendant in bad faith, and Defendant is therefore entitled to recover its reasonable expenses incurred herein, including attorneys' fees and litigation costs.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, Defendant alleges that it reserves the right to allege and assert any additional and/or further affirmative defenses as become apparent to Defendant during the course of this litigation.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED: July 11, 2013                    CARLSON & MESSER LLP

By   s/ David J. Kaminski
David J. Kaminski
Martin Schannong
Attorneys for Defendant
ARS NATIONAL SERVICES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                    ) ss.
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. My business address is 5959 W. Century Blvd., Suite 1214, Los Angeles, California 90045.

On **July 11, 2013**, I served the foregoing document(s) described as: **ANSWER TO COMPLAINT** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X] **BY MAIL:** I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ] **BY ELECTRONIC MAIL:**
Based on Court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the said documents to be sent to the persons at the electronic mail addresses listed below (see attached service list). I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **PERSONAL SERVICE BY HAND**- I personally served document to address stated on POS Service List.

[ ] **BY FACSIMILE**- I transmitted via telecopier machine such document to the offices of the addressees.

[ ] **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **11th** day of **July 2013** at Los Angeles, California.

*Linda Brooks* (signature)
Linda Brooks

1
PROOF OF SERVICE

**SERVICE LIST**
**Jonathan R. Mahlow v. ARS National Services, Inc.**
**Our File No . 07580.00**

Jonathan R. Mahlow                                    **PLAINTIFF IN PRO SE**
14162 Holt Avenue
Santa Ana, CA 92705